MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
PEDRO JERONIMO ESPINOZA and RAUL
MORALES RODRIGUEZ, *individually and*
*on behalf of others similarly situated,*

*Plaintiffs*,

-against-

AKV RESTAURANT CORP.  (D/B/A
INWOOD LOCAL WINE BAR & BEER
GARDEN), GUS ANTON, CHRIS ANTON,
and HARRY DOE,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Pedro Jeronimo Espinoza and Raul Morales Rodriguez, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against AKV Restaurant Corp. (d/b/a Inwood Local Wine Bar & Beer Garden), ("Defendant Corporation"), Gus Anton, Chris Anton, and  Harry Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendants AKV Restaurant Corp. (d/b/a Inwood Local Wine Bar & Beer Garden), Gus Anton, Chris Anton, and Harry Doe.

2.      Defendants own, operate, or control a beer garden, located at 4957 Broadway, New York, New York 10034 under the name "Inwood Local Wine Bar & Beer Garden".

3.      Upon information and belief, individual Defendants Gus Anton, Chris Anton, and Harry Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as a delivery worker and a cook at the restaurant located at 4957 Broadway, New York, New York 10034.

5.      Plaintiff Espinoza was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing dishes, cleaning the basement, stocking deliveries, twisting and tying up cardboard boxes, and taking out the garbage (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Espinoza the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiff Espinoza's wages on a timely basis.

10.    Defendants employed and accounted for Plaintiff Espinoza as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.    Regardless, at all relevant times, Defendants paid Plaintiff Espinoza at the lowered tip-credited rate.

12.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Espinoza's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Espinoza's actual duties in payroll records by designating him as a delivery worker instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Espinoza at the minimum wage rate and enabled them to pay him at the tip-credit rate.

14.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a beer garden located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

20.    Plaintiff Pedro Jeronimo Espinoza ("Plaintiff Espinoza" or "Mr. Espinoza") is an adult individual residing in New York County, New York.

21.    Plaintiff Espinoza was employed by Defendants at Inwood Local Wine Bar & Beer Garden from approximately December 23, 2014 until on or about October 28, 2018.

22.    Plaintiff Raul Morales Rodriguez ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in New York County, New York.

23.    Plaintiff Morales was employed by Defendants at Inwood Local Wine Bar & Beer Garden from approximately August 2011 until on or about June 25, 2019.

*Defendants*

24.    At all relevant times, Defendants owned, operated, or controlled a beer garden, located at 4957 Broadway, New York, New York 10034 under the name "Inwood Local Wine Bar & Beer Garden".

25.    Upon information and belief, AKV Restaurant Corp. (d/b/a Inwood Local Wine Bar & Beer Garden) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4957 Broadway, New York, New York 10034.

26.    Defendant Gus Anton is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gus Anton is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gus Anton possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Chris Anton is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chris Anton is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Chris Anton possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages

and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Harry Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Harry Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Harry Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

29.    Defendants operate a beer garden located in the Inwood section of Manhattan in New York City.

30.    Individual Defendants, Gus Anton, Chris Anton, and Harry Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Gus Anton, Chris Anton, and Harry Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiffs

39.     Plaintiffs are former employees of Defendants who were employed as a cook and ostensibly as a delivery worker. However, they spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Pedro Jeronimo Espinoza

41.     Plaintiff Espinoza was employed by Defendants from approximately December 23, 2014 until on or about October 28, 2018.

42.     Defendants ostensibly employed Plaintiff Espinoza as a delivery worker.

43.     However, Plaintiff Espinoza was also required to spend a significant portion of his work day performing the non-tipped duties described above.

44.     Although Plaintiff Espinoza ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45.     Plaintiff Espinoza regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Espinoza's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Espinoza regularly worked in excess of 40 hours per week.

48.     From approximately December 23, 2014 until on or about March 2017, Plaintiff Espinoza worked from approximately 5:00 p.m. until on or about 12:30 a.m., on Mondays, from approximately 4:00 p.m. until on or about 12:30 a.m., on Tuesdays, from approximately 5:00 p.m. until on or about 1:30 a.m., on Wednesdays, from approximately 5:00 p.m. until on or about 1:40 a.m., on Fridays and from approximately 12:00 p.m. until on or about 1:30 a.m., Saturdays and Sundays (typically 60.17 hours per week).

49.     From approximately March 2017 until on or about October 28, 2018, Plaintiff Espinoza worked from approximately 6:00 p.m. until on or about 12:30 a.m., on Mondays, from approximately 3:30 p.m. until on or about 12:20 a.m., on Tuesdays, from approximately 6:00 p.m. until on or about 12:10 a.m., on Wednesdays, from approximately 5:00 p.m. until on or about 1:30 a.m., on Fridays, from approximately 7:00 p.m. until on or about 1:30 a.m., on Saturdays and from approximately 7:00 p.m. until on or about 1:00 a.m., on Sundays (typically 42.5 hours per week).

50.     From approximately December 23, 2014 until on or about March 2017, Defendants paid Plaintiff Espinoza his wages in cash.

51.     From approximately March 2017 until on or about October 28, 2018, Defendants paid Plaintiff Espinoza his wages by check.

52.     From approximately December 23, 2014 until on or about March 2017, Defendants paid Plaintiff Espinoza a fixed salary of $360 per week.

53.     From approximately March 2017 until on or about December 2017, Defendants paid Plaintiff Espinoza $9.15 per hour for the first 40 hours worked and $14.65 per hour for the hours worked over 40.

54.     From approximately January 2018 until on or about October 2018, Defendants paid Plaintiff Espinoza $10.85 per hour for the first 40 hours worked.

55.     Plaintiff Espinoza's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56.     For example, Defendants required Plaintiff Espinoza to work an additional 30 to 40 minutes past his scheduled departure time six days a week, and did not pay him for the additional time he worked.

57.     Defendants never granted Plaintiff Espinoza any breaks or meal periods of any kind.

58.     Plaintiff Espinoza was never notified by Defendants that his tips were being included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Espinoza's wages.

60.     Plaintiff Espinoza was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

61.     Defendants required Plaintiff Espinoza to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

62.     On a number of occasions, Defendants required Plaintiff Espinoza to sign a document, the contents of which he was not allowed to review in detail.

63.     In addition, since March 2017, defendants required Plaintiff Espinoza to sign a document in which Defendants misrepresented the hours that he worked per week.

64.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Espinoza regarding overtime and wages under the FLSA and NYLL.

65.     Defendants did not provide Plaintiff Espinoza an accurate statement of wages, as required by NYLL 195(3).

66.     In fact, Defendants adjusted Plaintiff Espinoza's paystubs so that they reflected inaccurate wages and hours worked.

67.     Defendants did not give any notice to Plaintiff Espinoza, in English and in Spanish (Plaintiff Espinoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.     Defendants required Plaintiff Espinoza to purchase "tools of the trade" with his own funds—including bicycle maintenance.

*Plaintiff Raul Morales Rodriguez*

69.     Plaintiff Morales was employed by Defendants from approximately August 2011 until on or about June 25, 2019.

70.     Defendants employed Plaintiff Morales as a cook.

71.     Plaintiff Morales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

72.     Plaintiff Morales's work duties required neither discretion nor independent judgment.

73.     Throughout his employment with Defendants, Plaintiff Morales regularly worked in excess of 40 hours per week.

74.     From approximately August 2013 until on or about December 2017, Plaintiff Morales worked from approximately 3:00 p.m. until on or about 12:00 a.m., on Mondays, from approximately 4:00 p.m. until on or about 12:00 a.m., Wednesdays and Thursdays, and from approximately 3:00 p.m. until on or about 1:00 a.m., Fridays, Saturdays, and Sundays (typically 57 hours per week).

75.     From approximately December 2017 until on or about November 2018, Plaintiff Morales worked from approximately 3:00 p.m. until on or about 12:00 a.m., on Mondays, from approximately 4:00 p.m. until on or about 12:00 a.m., Wednesdays and Thursdays, from approximately 3:00 p.m. until on or about 1:00 a.m., on Fridays, and from approximately 6:00 p.m. until on or about 1:00 a.m., on Saturdays (typically 48 hours per week).

76.     From approximately November 2018 until on or about June 25, 2019, Plaintiff Morales worked from approximately 3:30 p.m. until on or about 11:00 p.m., on Mondays, from approximately 4:00 p.m. until on or about 11:00 p.m., on Wednesdays, from approximately 5:00 p.m. until on or about 12:00 a.m., on Thursdays, from approximately 3:30 p.m. until on or about 1:00 a.m., on Fridays, from approximately 7:00 p.m. until on or about 1:00 a.m., on Saturdays, and from approximately 7:00 p.m. until on or about 12:30 a.m., on Sundays (typically 43.5 hours per week).

77.     Throughout his employment, Defendants paid Plaintiff Morales his wages in cash.

78.     From approximately August 2013 until on or about December 2017, Defendants paid Plaintiff Morales a fixed salary of $520 per week.

79.     From approximately January 2018 until on or about January 2019, Defendants paid Plaintiff Morales a fixed salary of $600 per week.

80.     From approximately February 2019 until on or about June 25, 2019, Defendants paid Plaintiff Morales a fixed salary of $630 per week.

81.     Plaintiff Morales's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

82.     For example, Defendants required Plaintiff Morales to work an additional 30 minutes past his scheduled departure time two Sundays a month, and did not pay him for the additional time he worked.

83.     Defendants never granted Plaintiff Morales any breaks or meal periods of any kind.

84.     Plaintiff Morales was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

85.     Defendants required Plaintiff Morales to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

86.     On a number of occasions, Defendants required Plaintiff Morales to sign a document, the contents of which he was not allowed to review in detail.

87.     In addition, in order to get paid, Plaintiff Morales was required to sign a document in which Defendants misrepresented the hours that he worked per week.

88.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Morales regarding overtime and wages under the FLSA and NYLL.

89.     Defendants did not provide Plaintiff Morales an accurate statement of wages, as required by NYLL 195(3).

90.     Defendants did not give any notice to Plaintiff Morales, in English and in Spanish (Plaintiff Morales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

91.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

92.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

93.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

94.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

95.     Defendants required Plaintiff Espinosa and all other delivery worker to perform general non-tipped tasks in addition to his primary duties as a delivery worker.

96.     Plaintiff Espinosa and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

97.    Plaintiff Espinosa's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

98.    Plaintiff Espinosa and all other tipped workers were paid at the lowered tip-credit rate by Defendants.

99.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Espinosa's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

100.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

101.    In violation of federal and state law as codified above, Defendants classified Plaintiff Espinosa and other tipped workers as tipped employees, and paid them the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

102.    Defendants failed to inform Plaintiff Espinosa, who received tips, that Defendants intended to take a deduction against his earned wages for tip income, as required by the NYLL before any deduction may be taken.

103.    Defendants failed to inform Plaintiff Espinosa, that his tips were being credited towards the payment of the minimum wage.

104.    Defendants failed to maintain a record of tips earned by Plaintiff Espinosa for the tips he received.

105.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

106.    On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

107.    Defendants required Plaintiffs to sign a document that reflected inaccurate or false hours worked.

108.    Defendants paid Plaintiffs their wages in cash and then by check.

109.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

110.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

111.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

112.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

113.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

114.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

115.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

116.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a

one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

117.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

120.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

121.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

122.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

123.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

124.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

127.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

128.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

131.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

132.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

133.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

134.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

136.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

137.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

138.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

139.    Defendants failed to pay Plaintiff Espinosa one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Espinosa's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

140.    Defendants' failure to pay Plaintiff Espinosa an additional hour's pay for each day Plaintiff Espinosa's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

141.    Plaintiff Espinosa was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

142.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

143.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

144.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

145.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

147.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

148.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

149.    Defendants required Plaintiff Espinosa to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

150.    Plaintiff Espinosa was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

151.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

152.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

153.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 5, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

June 18, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Pedro Jeronimo Espinoza

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     18 de junio 2019

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 18, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Raul  Morales  Rodriguez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      18 de junio 2019

*Certified as a minority-owned business in the State of New York*